THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH COLUCCI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UTAH STATE CORR. FACILITY et al.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION<br>AND DISMISSAL ORDER**<br><br>Case No. 2:25-CV-41-DAK<br><br>District Judge Dale A. Kimball |

Plaintiff Joseph Colucci, as a prisoner of Utah Department of Corrections, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2026),[1] proceeding *in forma pauperis*, *see* 28 *id.* § 1915. Dkt. Nos. 1, 3.

After screening his Complaint, the Court ordered Plaintiff to cure its numerous deficiencies. Dkt. Nos. 1, 13. In that Cure Order, the Court gave specific guidance on the deficiencies, along with other details to help Plaintiff file an amended complaint with valid claims. Dkt. No. 13. The Court advised, "If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims. *Id.* at 11.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2026).

Plaintiff then filed an amended complaint. Dkt. No. 14. But before the Court could screen that, he moved to file Second Amended Complaint (SAC). Dkt. Nos. 15, 15-1. The Court grants his motion. Dkt. No. 15. Having now thoroughly screened and liberally construed[2] the SAC under its statutory review function,[3] the Court dismisses this action.

### A. ANALYSIS--FAILURE TO STATE A CLAIM

### 1. Standard of Review for *Sua Sponte* Dismissals

Assessing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when--though the facts are viewed in the plaintiff's favor-- the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550

---

[2]The Court recognizes Plaintiff's *pro se* status, and so construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Still, such liberal reading is meant merely to overlook technical formatting errors and other similar defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se status does not excuse Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law; regarding these, the Court will treat Plaintiff with the same standards applicable to counsel licensed to practice law before this Court's bar. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[3]The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2026).

U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). "[T]he complaint must contain something more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Eaves v. Kory*, No. 24-1048, 2024 U.S. App. LEXIS 12964, at *2-3 (10th Cir. May 30, 2024) (unpublished) (quoting *Iqbal*, 556 U.S. at 678). Also, "[f]acts, not conclusions, must be pleaded--'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including where a 'legal conclusion [is] couched as a factual allegation.'" *Renaud v. Ross*, No. 1:22-CV-212, 2023 U.S. Dist. LEXIS 19808, at *8 (D. Wy. Jan. 27, 2023) (citation modified) (quoting *Iqbal*, 556 U.S. at 678).

As the Court reviews the sufficiency of Plaintiff's allegations, it painstakingly does so per individual defendant, per cause of action. *See Williams v. Utah Dep't of Corr.*, 928 F. 3d 1209, 1212 (10th Cir. 2019) (stating plaintiff must "explain[] which . . . prison-official defendants are liable for what improper conduct"). Indeed, § 1983 cases often include a list of defendants, like

> the government agency and a number of government actors sued in their individual capacities. . . . [I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F.3d at 1249-50 (emphasis in original) (citing *Twombly*, 550 U.S. at 565 n.10).

When a complaint "fails to isolate the allegedly unconstitutional acts of each defendant," the

plaintiff has not carried the burden of providing "adequate notice as to the nature of the claims

against each." *Id.* at 1250. For instance, when a complaint uses "the collective term 'Defendants'

or a list of the defendants named individually but with no distinction as to what acts are

attributable to whom, it is impossible for any of these individuals to ascertain what particular

unconstitutional acts they are alleged to have committed." *Id.*[4]

---

[4]Because the original complaint had "not properly affirmatively link[ed] an individual named defendant to each alleged civil-rights violation," the Cure Order contained a section marked, "Affirmative Link," under which Plaintiff was alerted that each defendant must be linked to the particular behavior that constitutes a legal claim. Dkt. No. 13. This quote from a case was provided to Plaintiff so that he would understand his burden:

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins*, 519 F.3d at 1250 (explaining when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding district court's analysis of plaintiff's § 1983 claims was "infirm" when district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

Dkt. No. 13, at 5-6 (quoting *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019)). Plaintiff was further warned,

> "A plaintiff's failure to satisfy this requirement [of pleading personal participation by each defendant] will trigger swift and certain dismissal." *Id.* at 790 n.5. The Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id.*

Dkt. No. 13, at 7 (quoting *Roemer*, 764 F. App'x at 790 n.5). Other directions in the Cure Order stated,

> • The complaint must clearly state what each individual defendant-- typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as

## 2. Plaintiff's Allegations

At the outset, it is not clear whom the defendants are. Plaintiff did not follow the Court's requirement that he "must use" the "blank-form complaint" supplied by the Court "to pursue an amended complaint." Dkt. No. 13, at 10. Nor did he heed the requirements that "[e]ach defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the 'cause of action' section of the complaint." *Id.* at 4. In subsection "a" below then, not knowing which individuals could be intended as defendants, the Court lists each individual specifically referred to in the SAC and allegations about each one, then states a disposition for each of them within the parameters of the SAC.

The SAC requests the following relief: "$10,000,000 from the Board of Tyrants" and "from the prison"; and "18 months to get bottom bunk clearance." Dkt. No. 15-1, at 9.

### a. Individuals specifically referred to in the SAC

**i. Simon Fuller** is alleged to have "fabricated his testimony" and "wanted [Plaintiff] to come in so he could book [Plaintiff] into jail." *Id.* at 1, 3. Plaintiff states, "3/11/22 was the first hearing about the alleged violation that sent me to prison (see Simon Fuller)." *Id.* at 1. Plaintiff

---

possible, specific dates or at least estimates of when alleged constitutional violations occurred.

    • Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

Dkt. No. 13, at 4-5.

further says, "I'm suing Simon Fuller." *Id.* at 9. Fuller purportedly filed the "violation report that sent [Plaintiff] to prison." *Id.* at 15.

Here, Plaintiff does not assert enough factual material to state any sort of federal claim upon which relief may be granted. The statements that Fuller wanted Plaintiff "to come in so he could book [Plaintiff] into jail" and that Fuller filed the report "that sent [Plaintiff] to jail," do not identify facts that could be linked to any cause of action. And, as to any fabricated testimony Fuller may have given, "witnesses who testify in judicial proceedings . . . are entitled to absolute testimonial immunity from civil suits for damages based upon their testimony," *Berryman v. Niceta*, 143 F. 4th 1134, 1143 (10th Cir. 2025). Fuller's liability is thus not considered further here. Fuller is dismissed.

**ii. Judge Bean** is alleged to have said, "You were doing good on probation!" Dkt. No. 15-1, at 1. This benign statement does not connote any sort of cause of action here. Bean is thus not considered further.

**iii. Carl Anderson** is alleged to have "requested an evidentiary hearing." *Id.* at 1. This benign request does not connote any sort of cause of action here. Anderson is thus not considered further.

**iv. Eric Berleson** was allegedly housed with Plaintiff in prison. *Id.* at 5. Berleson is not a state actor though and so is not an eligible defendant under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[] and must show that the alleged deprivation was committed by a person acting under color of state law." (citation modified)). And Berleson is not alleged to have done anything but live with Plaintiff. If Berleson was intended to be a defendant, he is dismissed.

**v. "Katou"** "allegedly den[ied Plaintiff] a lay-in tray" though Plaintiff "could barely walk." Dkt. No. 15-1, at 6. This single unadorned assertion does not match up necessary factual allegations to the elements of a claim for inadequate medical or physical treatment, the elements of which the Court explained to Plaintiff in its Cure Order of August 4, 2025. Dkt. No. 13, at 6-7. This allegation is thus not considered further and is dismissed.

**vi. "Schell"** allegedly once said to Plaintiff, "You look like you're in a lot of pain," and gave Plaintiff "lay-ins when . . . needed." Dkt. No. 15-1, at 6. This benign statement and action do not connote any sort of cause of action here. Schell is thus not considered further and is dismissed.

**vii. "Faracinni"** was "compassionate" and gave Plaintiff "lay-ins when . . . needed." *Id.* This benign behavior does not connote any sort of cause of action here. Faracinni is thus not considered further and is dismissed.

**viii. Bryan Lithgowe** is identified as an individual about whom Plaintiff states, "I'm suing." *Id.* at 9. But Plaintiff does not refer to Lithgowe anywhere else in the SAC, let alone affirmatively link him to any violations of Plaintiff's federal rights. Lithgowe is thus not considered further and dismissed.

**ix. Kade Huntsman** allegedly, before February 2013, "butchered [Plaintiff's] spine." *Id.* at 10. First, Plaintiff gives no hint that Huntsman is a state actor, as required to pursue claims under § 1983. *See West*, 487 U.S. at 48. Second, Plaintiff's § 1983 claims "fall under the four-year statute of limitation period of [Utah Code Ann. § 78B-2-307 (2026)]." *Larson v. Snow College*, 189 F. Supp. 2d 1286, 1292 (D. Utah 2000); *see also Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) ("Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983."). The statute of limitation would therefore have expired before Plaintiff filed

this action on January 16, 2025. On these bases, any potential claims against Huntsman are therefore not considered further and are dismissed.

**x. Gregory Rowan** is a podiatrist who allegedly before March 6, 2017 treated Plaintiff for toe issues. Dkt. No. 15-1, at 10. First, Plaintiff does not assert that Rowan mistreated his toes. *Id.* Second, Plaintiff does not allege that Rowan was a state actor. *See West*, 487 U.S. at 48. Third, Rowan's alleged behavior occurred outside the statute of limitations, which could generally encompass only claims happening after January 16, 2021. *Larson*, 189 F. Supp. 2d at 1292. Rowan is not considered further and is dismissed.

**xi. Justin Rose** allegedly gave an unsatisfactory recommendation taken by the "Board of Tyrants" (which the Court interprets--based on context--to possibly mean the Utah Board of Pardons and Parole). Dkt. No. 15-1, at 11. This allegation does not specify any federal violation by Rose. It is thus not considered further and is dismissed.

**xii. "Jesse"** allegedly "wasn't interested in what [Plaintiff] had to say" in Sex Offender Treatment Program. *Id.* at 14. This allegation does not specify any federal violation by Jesse. It is thus not considered further and is dismissed.

**xiii. Shawn Condie** was Plaintiff's public defender in Ogden who allegedly responded to Plaintiff's statement "that [his] diagnosed disability is intermittent mental impairment" with the question, "What does that even mean?" *Id.* at 16. Condie allegedly "refused to enter [Plaintiff's] plea of diminished capacity as [Plaintiff] requested." *Id.* However, "the Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312,

325 (1981)). Plaintiff's allegation about Condie therefore does not state a claim upon which relief may be granted and is dismissed.

**xiv. Sharla Denroe** was Plaintiff's "appointed counsel," who allegedly said that "intermittent mental impairment" is "not even real," when "refus[ing] to enter [Plaintiff's] plea of diminished capacity as [he] requested." Dkt. No. 15-1, at 16. However--again--"the Supreme Court has stated that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Garza*, 293 F. App'x at 566 (citation modified). Plaintiff's allegation about Denroe therefore does not state a claim upon which relief may be granted and is dismissed.

### b. All other potential claims

Any lingering allegation in Plaintiff's SAC--aside from those addressed in the above section (which goes name by name through possible defendants)--is not linked to a named defendant. Dkt. No. 15-1. Again, Plaintiff was notified by the Cure Order that he must affirmatively link each element of each cause of action to a named or identifiable defendant, or face dismissal. Dkt. No. 13. As a rule, Plaintiff's remaining spare and conclusory allegations do not meet the standards Plaintiff was advised of in the Cure Order. *Id.* In fact, not one of these remaining vague claims is linked to a named defendant.

For instance, there is no hint as to which individual defendant(s) may have denied him a bottom bunk or allowed his prescription to lapse. Dkt. No. 15-1, at 5-6. Though thoroughly alerted to his pleading duties, Dkt. No. 13, Plaintiff does not "isolate the allegedly unconstitutional acts of each defendant," Dkt. No. 15-1; thus, Plaintiff gives inadequate notice of "the nature of the claims against each" defendant. *Robbins*, 519 F.3d at 1250. Indeed, Plaintiff does not heed the Court's direction that a full explanation of the "'who,' 'what,' . . . 'when,' and

'why'" is required, leaving his allegations insufficient to state a claim. Dkt. No. 13, at 4 (quoting *Robbins*, 519 F.3d at 1250).

Further, Plaintiff's terse assertions of "conspiracy to obstruct justice"; disability discrimination; and malpractice, Dkt. No. 15-1, at 7, 10, 16, for example, do not "give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). The SAC has truly nothing "more than 'unadorned, the-[unnamed-]defendant-unlawfully-harmed-me accusation[s].'" *Eaves*, 2024 U.S. App. LEXIS 12964, at *2-3 (quoting *Iqbal*, 556 U.S. at 678). Without specifying individual defendant behaviors, Plaintiff says he was harmed but does not provide crucial links between any one identifiable defendant and any one allegation of unconstitutional treatment. And he does not provide factual details that build toward the support needed for each element of separate causes of action. Indeed, "[f]acts, not conclusions, must be pleaded"; the Court is not required to accept as true "a 'legal conclusion couched as a factual allegation.'" *Renaud*, 2023 U.S. Dist. LEXIS 19808, at *8 (quoting *Iqbal*, 556 U.S. at 678).

It is important to note that a conditions-of-confinement claim's adequacy is drawn from "the particular facts of each situation[, so] the 'circumstances, nature, and duration of the challenged conditions must be carefully considered.'" *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the condition increases, the length of exposure required to make out a constitutional violation decreases. *Id.* In other words, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations . . . 'may meet the standard despite a shorter duration." *Id.* (citations omitted).

However, Plaintiff's curt statements, like that he was denied a bottom bunk or a certain medication, do not support any part of the elements of such a cause of action.[5] For instance, there are no factual allegations from which to draw an inference about the seriousness of injuries that are unidentified. This, despite the requirement that "the [physical] deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Thus, the first prong of a cruel-and-unusual-punishment claim has not been met with requisite allegations. Further, there are no factual allegations from which to draw an inference about any particular defendant's knowledge of whether Plaintiff's harm was serious, and that defendant's subsequent decision to do nothing to help Plaintiff, despite the defendant's knowledge of serious harm. The SAC does not give "the particular facts of" Plaintiff's deprivations so that the Court may carefully consider "the circumstances, nature, and duration of the challenged conditions." *Despain*, 264 F.3d 965 at 974 (citation modified).

Again, Plaintiff's remaining claims are all, fatally, not linked to any specific defendant, despite Plaintiff being thoroughly instructed as to his pleading duties and warned that such omissions would require dismissal. Plaintiff's articulation of all his allegations fails to "isolate the allegedly unconstitutional acts of each defendant"; Plaintiff therefore gave insufficient notice of "the nature of the claims against each" defendant. *Robbins*, 519 F.3d at 1250. And, because the facts Plaintiff alleges are insufficient to support plausible claims, all possible causes of action are dismissed.

---

[5]Again, the Cure Order gave Plaintiff four paragraphs of direction explaining the elements of an inadequate-medical-treatment cause of action, yet he did not apply the direction in his SAC. Dkt. Nos. 13, at 6-7; 15-1.

**B. ORDER**

**IT IS ORDERED** as follows:

**1.** Plaintiff's motions for time extension and to file a second amended complaint are **GRANTED**. Dkt. No. 15, 15-1.

**2.** The Clerk of Court shall file the Second Amended Complaint. Dkt. No. 15-1.

**3.** For failure to state a claim upon which relief may be granted, Plaintiff's Second Amended Complaint, Dkt. No. 15-1, is **DISMISSED** without prejudice. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2026). Three iterations of the complaint, Dkt. Nos. 1, 14, 15-1, and a full round of comprehensive guidance on curing deficiencies, Dkt. No. 13, have not resulted in an adequately improved pleading. It is apparent to the Court that further opportunity to amend would not lead to a different result. This action is therefore **DISMISSED**.

DATED this 29th day of June 2026.

BY THE COURT:

JUDGE DALE A. KIMBALL
United States District Court